# IN THE SUPREME COURT OF THE STATE OF NEVADA

NATHEN WALDSCHMIDT,
Appellant,
vs.
EDGE FITNESS, LLC,
Respondent.

No. 71588

**FILED**

MAY 15 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY ___S.Young___
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting summary judgment in a negligence action. Eighth Judicial District Court, Clark County; Nancy L. Allf, Judge.

Having considered the parties' arguments and the record, we conclude that the district court properly granted summary judgment for respondent based on the unambiguous exculpatory clause in the gym membership agreement that appellant signed.[1] *See Wood v. Safeway, Inc.,* 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005) (reviewing de novo a district court's decision to grant summary judgment); *Washoe Cty. Sch. Dist. v. White,* 133 Nev., Adv. Op. 43, 396 P.3d 834, 838 (2017) (reviewing de novo a district court's interpretation of a contract). Although appellant contends that the exculpatory clause does not expressly relieve respondent from liability as a matter of law,[2] appellant acknowledged that "[he understood] the risk of injury from . . . using any CLUB equipment is significant," and that "[he] KNOWINGLY AND FREELY ASSUME[D] ALL SUCH RISKS,

---

[1]As the parties are familiar with the facts, we do not recount them except as pertinent to our disposition.

[2]While we acknowledge appellant's additional argument that the exculpatory clause goes against public policy, we decline to void the clause on this basis.

SUPREME COURT
OF
NEVADA

(O) 1947A

18-18508

both known and unknown." Appellant furthered "assume[d] all risks associated with using exercise equipment." By signing the membership agreement, appellant agreed to "RELEASE, INDEMNIFY, AND HOLD HARMLESS [RESPONDENT] . . . WITH RESPECT TO ANY AND ALL INJURY . . . WHETHER ARISING FROM THE NEGLIGENCE OF [RESPONDENT] or otherwise . . . that may arise out of or in connection with my use of any of the equipment . . . ." Thus, the unambiguous exculpatory clause explicitly relieved respondent of liability in this instance, as appellant's claims were confined to ordinary negligence. *See Am. First Fed. Credit Union v. Soro*, 131 Nev., Adv. Op. 73, 359 P.3d 105, 106 (2015) (recognizing that if "the language of the contract is clear and unambiguous," it "will be enforced as written" (internal quotation marks omitted)); *Agric. Aviation Eng'g Co. v. Bd. of Clark Cty. Comm'rs*, 106 Nev. 396, 399-400, 794 P.2d 710, 712-13 (1990) (recognizing that an exculpatory clause will be enforced if it is unambiguous and clearly expresses the release of liability for negligence with great particularity). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____Cherry_____, J.
Cherry

_____Parraguirre_____, J.
Parraguirre

_____Stiglich_____, J.
Stiglich

 

cc:    Hon. Nancy L. Allf, District Judge
Lansford W. Levitt, Settlement Judge
Stovall & Associates
Thorndal Armstrong Delk Balkenbush & Eisinger/Las Vegas
Law Offices of Elizabeth R. Mikesell
Eighth District Court Clerk